1 | **BRANCART & BRANCART**
2 | Christopher Brancart (State Bar No. 128475)
  | Email: cbrancart@brancart.com
  | Elizabeth Brancart (State Bar No. 122092)
3 | Email: ebrancart@brancart.com
  | Post Office Box 686
4 | Pescadero, California 94060
  | Telephone: (650) 879-0141
5 | Facsimile: (650) 879-1103

6 | Attorneys for *Plaintiffs*

7 | **WEXLER WALLACE LLP**
  | Mark J. Tamblyn (State Bar No. 179272)
8 | Email: mjt@wexlerwallace.com
  | Neha Duggal (State Bar No. 251336)
9 | nd@wexlerwallace.com
  | 455 Capitol Mall, Suite 231
10 | Sacramento, California  95814
  | Telephone: (916) 492-1100
11 | Facsimile: (916) 492-1124

12 | Attorneys for *American Classifieds LLC*

13 | [Additional Counsel Listed on Signature Page]

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

NATIONAL FAIR HOUSING ALLIANCE, INC., a Virginia non-profit corporation; and FAIR HOUSING COUNCIL OF CENTRAL CALIFORNIA, a California non-profit corporation,

        Plaintiffs,

      v.

AMERICAN CLASSIFIEDS LLC, a Nevada limited liability company; and WANT ADS of VISALIA, INC., a California corporation dba AMERICAN CLASSIFIEDS;

        Defendants.

Case No. 1:09-cv-01189 AWI (DLB)

**STIPULATION AND PROTECTIVE ORDER**

The parties agree that discovery in the above-captioned litigation may require the disclosure of documents, things, and information in the possession, custody, or control of the parties which may contain or concern confidential, proprietary, private or financially sensitive information, or information which one or more of the parties are legally required to maintain as confidential or required to maintain as confidential pursuant to agreement with third parties.  The parties wish to provide for the delivery of such Information in a manner that will protect its confidentiality and limit its dissemination.  The parties hereby stipulate to and petition this Court to enter the following stipulated Protective Order.

The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties intend for this Protective Order to comply with any and all applicable statutes, rules, and/or laws.  To the extent that applicable statutes, rules, and/or laws prohibit the operation of any provision in this Protective Order, that portion of the Protective Order may be considered null and void and severable, and the applicable statute, rule and/or law shall govern.

Accordingly, IT IS HEREBY STIPULATED TO BY THE PARTIES AND ORDERED THAT the following provisions shall govern the handling and disclosure of certain information (as defined below), including testimony, arguments, filings, documents, and discovery responses, obtained, generated or produced by any party to these proceedings, or by third parties:

1.    DEFINITIONS

1.1    "Confidential Information" means any confidential, sensitive, or proprietary information, including trade secrets, competitively sensitive information, financial information, and personal or customer information that is legally protected under standards developed under Fed. R. Civ. P. 26(c) and not publicly available.  Examples of information that will be identified as Confidential include, but are not limited to, confidential internal business documents and communications and internal drafts of documents that are ultimately publicly available.  Unrestrained release of such documents could expose sensitive business information about the way certain Producing Parties conduct their business internally and with other companies and risk

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER

exposing, for instance, their processes and strategies with respect to marketing, investigation, customer service, financial, accounting, taxation, advertising and other business-related decisions. The parties anticipate that the following categories of documents could be considered Confidential, though this list is not exhaustive and does not constitute a waiver of a Producing Party's objection to producing any of the listed types of documents: marketing plans, investigation records, customer service documents, internal financial information, internal tax related documents, advertising plans and strategies, internal business communications, final and draft forms of contracts, business plans/rules, company security matters, communications with retailers or member organizations and other entities with which the Producing Party regularly conducts confidential business negotiations or discussions.  Confidential Information shall not include publicly available information, including filings and exhibits in other litigation (if not previously filed under seal or ordered to be sealed), or information that was previously published in print or online.  Confidential Information may be included, without limitation, in the following: exhibits and testimony taken at a deposition, affidavits or declarations; correspondence; answers to interrogatories, requests for admissions, or other discovery; Documents and tangible things produced by a party or person (whether produced pursuant to Fed. R. Civ. P. 34, subpoena, or otherwise); and briefs or other papers that may quote, summarize, refer to, or contain Confidential Information.

    1.2 "Highly Confidential – Attorneys' Eye's Only Information" means extremely sensitive Confidential Information whose disclosure to another party or non-party would create a risk of injury by the disclosure of trade secrets or other valuable commercial or competitively-sensitive Information, or by the invasion of privacy, that could not be avoided by less restrictive means.  The parties anticipate that the following categories of documents could be considered Highly Confidential, though this list is not exhaustive and does not constitute a waiver of a Producing Party's objection to producing any of the listed types of documents: company security matters, internal financial results, analyses and projections, Information regarding actual or potential mergers and acquisition, highly sensitive business plans/projections/strategies, sensitive data related to pricing, and ongoing or pending investigation records, and investigation practices

1   and procedures presently used, and other documents that the Producing Party takes care to

2   maintain as confidential to shield from competitors and companies with which it does business in

3   order to preserve its negotiating leverage to compete in the marketplace and that, if disclosed to a

4   party with which the Producing Party has an ongoing or potential business relationship or

5   competitive relationship or ongoing, pending or subsequent investigations, could harm the

6   Producing Party.  The Producing Party's efforts to maintain the confidentiality of this Information

7   will be undermined if competitors or parties with which the Producing Party does or might do

8   business or competes with or investigates could use such Information to gain knowledge about

9   the way Producing Party conducts business, negotiates pricing, how it conducts its strategic

10  relationships with suppliers, vendors, retailers, affiliates, how it investigates and its future

11  business or investigative or enforcement strategies.

12          1.3     Document: the term "Document" shall have the most comprehensive and inclusive

13  meaning ascribed to it by Fed. R. Civ. P. 34 or Fed. R. Evid. 1001, and includes without

14  limitation any written, recorded, electronically stored, or graphic material.

15          1.4     Producing Party:  means a party or non-party that produces Documents,

16  Information or other materials in connection with this litigation.

17          1.5     Receiving Party:  means a party in or third party to this litigation (or counsel

18  thereto and their agents) who obtains Documents or Information from a Producing Party in

19  connection with this litigation.

20          1.6     Professional Vendors:  persons or entities that provide litigation support services

21  (e.g., photocopying, videotaping; court reporting; translating; preparing exhibits or

22  demonstrations; organizing, storing, retrieving, data in any form or medium; etc.) and their

23  employees and subcontractors.

24          1.7     Legend: means a large, bold stamp or similar insignia stating either "HIGHLY

25  CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL."

26          1.8     This Action or this Litigation means the above-captioned action.

27  2.      SCOPE

28          The protections conferred by this Stipulated Protective Order cover not only Confidential

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER

or Highly Confidential – Attorneys' Eyes Only Information, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Confidential or Highly Confidential Information.

3.   DESIGNATION

3.1   Exercise of Good Faith and Care in Designating Confidential Information.  Any party to this action may designate Information "Highly Confidential" or "Confidential" in the reasonable exercise of that party's discretion and upon a good faith belief that such Information may reasonably be considered Confidential or Highly Confidential Information, provided, however, that by agreeing to this Protective Order, no party waives the right to challenge any other party's designation.  Each producing party that designates Information for protection under this Protective Order must take care to limit any such designation to materials that qualify under the standards set forth herein.  Mass indiscriminate or routinized designations are improper.  A Producing Party shall not designate Information for protection under this Protective Order where such designation is clearly unjustified or is made for an improper purpose (e.g. to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties).

3.2   Manner and Timing of Designations.

(a)   Designation of Documents or Filings.  To designate Confidential or Highly Confidential Information in Documentary form, the designating party shall place the Legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top and/or bottom (as appropriate) of each page that contains material to be protected under this Protective Order.

(b)   Designation of Testimony and Hearing Transcripts.  To designate Confidential or Highly Confidential Information in testimony (or in exhibits referred to therein), the designating party shall:  (1) make an oral statement to such effect on the record in the course of the hearing or deposition, or (2) designate a certified deposition or hearing transcript, or portions thereof, as Confidential or Highly Confidential by so notifying all parties in writing

within thirty (30) days after receipt of such transcript.  Pending the conclusion of that thirty day period, the transcript or exhibits shall be treated as Highly Confidential.  Portions of transcripts and exhibits containing Confidential or Highly Confidential Information must be separately bound by the court reporter, who must affix to the top of each page the Legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by counsel for the party who designated the transcript or exhibit Confidential or Highly Confidential – Attorneys' Eyes Only.

If, during any deposition or hearing, any party desires to elicit testimony, offer arguments, and/or introduce documents or other information which has been designated as Confidential or Highly Confidential, or when counsel for a party deems that the answer to a question will result in the disclosure of  Confidential or Highly Confidential information within the meaning of this Protective Order, any person present at the deposition or hearing who is not permitted access to such information shall leave the deposition or hearing during the examination or argument. The failure of such persons to leave the deposition or hearing shall constitute substantial justification for counsel to advise the witness that he or she need not answer the question.

(c)     Designation of Material Produced in Non-Paper Media or Other Tangible Items.  To designate non-paper media (e.g., videotape, audiotape, computer disk, etc.), the Producing Party shall affix in a prominent place on the exterior of such non-paper media the Legend "CONFIDENTIAL" or " HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." In the event the Receiving Party generates any copy, transcription, or printout from any such designated non-paper media, such party must mark such copy, transcription or printout as "CONFIDENTIAL" or " HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and treat it as so designated.

3.3     Levels of Confidentiality Designations.  There shall be two levels of confidentiality pertaining to testimony, arguments, filings, documents, things and information as follows hereunder.

(a)     Any testimony, arguments, filings, documents, things and information designated as "Highly Confidential" is accessible only by the following persons:

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER

(i)      Counsel of record for the respective parties in this action, and the attorneys, paralegals, and staff employed by counsel who have been assisting in the conduct of this action;

(ii)      Defendants' in-house or other outside counsel;

(iii)      The Receiving Party's in-house counsel, provided such person executes a Certification in the form shown in Exhibit A;

(iv)      The courts (including appellate courts), arbitrators, and mediators, and the personnel of any of the foregoing;

(v)      Any person identified on the face of a specific document or thing (such as a Document that is to, from or copying that person), provided that if such person is not a party's current employee, officer or director, such person executes a Certification in the form shown in Exhibit A.  If such person is not identified on the face of a Document or thing, then it is the burden of the party seeking such further disclosure to establish by competent testimony of a witness under oath, that such person is its originator, author or a recipient of a copy thereof; if so established, such person's access shall be limited to the specific Document or thing itself, but only after execution of a Certification in the form shown in Exhibit A;

(vi)      Experts and consultants (including their employees) engaged by counsel to assist in this litigation, to whom it is necessary that the designated material be shown for purposes of assisting counsel in this Litigation, provided that such persons execute a Certification in the form shown in Exhibit A.  If such persons are currently engaged to assist in any litigation on behalf of a competitor or business associate of any one or more of the Defendants or are otherwise currently employed by any such entity, or an affiliate of any of these companies, counsel for the party seeking to disclose Highly Confidential – Attorneys Eyes Only Information in this instance must request permission from the Producing Party in writing (with copies to all parties in this Litigation).  The Producing Party shall not unreasonably withhold permission to disclose Highly Confidential Information.  If the Producing Party objects to the proposed disclosure within

ten (10) calendar days of receiving such request, no such disclosure shall be made unless the Court, upon noticed application of the party requesting such permission, orders otherwise;

(vii)   Professional Vendors; and

(viii)   Any other persons as the parties may agree to in writing or as the Court may order.

(b)   Any testimony, arguments, filings, Documents, things and Information designated as "Confidential" is accessible only by the following persons:

(i)   Persons having access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information; and

(ii)   The Plaintiffs and Defendants (and their employees); and

(iii)   Fact witnesses who may provide testimony by deposition or at any court proceeding in this case, but only after execution of a Certification in the form shown in Exhibit A.  A party's use of its own Confidential Information during a deposition shall not constitute a waiver of the Confidentiality designation.

3.4    Conflicts in Designation.  If the parties designate the same information as having different levels of confidentiality, the higher designation shall control until, and unless, the Court rules differently.  If the Receiving Party believes that any Information should be protected by a higher degree of confidentiality than specified by the Producing Party, and has not previously produced and/or so designated the Information and the Producing Party does not agree to modify the level of confidentiality, the Receiving Party may, at any time, seek a ruling from the Court to that effect.  If it comes to a Producing Party's attention that Information it designated for protection does not qualify for protection at all, or does not qualify for the level of confidentiality initially asserted, that Producing Party shall promptly notify all other parties that it is withdrawing the mistaken designation.

3.5    Inadvertent Failure to Designate.  A party's inadvertent failure to designate Information as Confidential or Highly Confidential shall not be construed as a waiver, in whole or

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER

in part, and that party shall have thirty (30) business days after learning of the improper designation to so stamp or otherwise designate the Information.

In the event a Producing Party inadvertently fails at the time of production to assert a claim of attorney-client privilege or work product immunity, such production shall not be a waiver of that privilege or work product claim.  Assertion of the privilege or work product claim shall be made by written notice as soon as practicable after learning of the inadvertent disclosure.  Within five (5) days after receiving a written request from the Producing Party, the Receiving Party must return or destroy the Information and make reasonable efforts to retrieve any such Information disclosed to any third party prior to the notification.  The Receiving Party shall not review, use, or disclose the Information, unless the claim of privilege or protection is either withdrawn by the Producing Party or ordered withdrawn by the Court.  A party may, after conferring with opposing counsel in a good faith effort to resolve by agreement any dispute regarding the assertion of attorney-client privilege or work product immunity, contest the Producing Party's claim of privilege or immunity by motion.  Neither party shall offer evidence or argue that the production or return of the Information or Document should be considered in ruling on the validity of the asserted privilege.

3.6     Resolution of Disputes Regarding Confidentiality Designations.  In the event that any party to this litigation disputes any confidentiality designation, such party shall provide to the Producing Party written notice of its disagreement with the designation.  A failure of any party to expressly challenge a designation shall not constitute a waiver of the right to assert at a subsequent time that a designation is not in fact Confidential, Highly Confidential or an appropriate designation for any reason.  The objecting party shall not unreasonably delay in bringing its objection to the attention of the Producing Party.  In an effort to settle such dispute without judicial intervention, the parties shall meet and confer within fourteen (14) business days after such notice to reconsider the circumstances and explain the bases for maintaining or challenging the designation.

If the dispute cannot be resolved during the meet and confer period, any party may request relief from the Court by following the procedures set forth in Eastern District Local Rule 37-251

within fourteen (14) days of the parties' meet and confer.

During the pendency of such dispute or application, and until the Court may rule otherwise or the time for filing the joint stipulation has expired, the Information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall remain subject to the designations and restrictions of this Protective Order.

Nothing in this Protective Order shall be deemed to allocate or reallocate any substantive burdens with respect to confidentiality; the party claiming confidentiality shall have the burden to establish that the challenged Information is entitled to confidential treatment.

4.   RESTRICTIONS ON DISCLOSURE, ACCESS, AND USE

4.1   Record Maintenance. All Confidential and Highly Confidential Information must be stored and maintained by a Receiving Party at a location and in a secure manner than ensures that access is limited to persons authorized under this Protective Order.

4.2   Redacted Information.  Any party may further limit access to Confidential and Highly Confidential Information by (1) redacting Social Security numbers, credit card numbers, names of minor children, dates of birth, and financial account numbers, until and unless the Court orders that such numbers and information be produced; and (2) redacting privileged materials prior to production.  Nothing in this Protective Order shall be construed as a waiver of any party's right to object to such redactions, and to seek production of the unredacted Documents nor shall it be construed as a waiver of any Producing Party's ability to redact Information beyond the categories listed herein.  A party who seeks disclosure of redacted Information shall meet and confer with the redacting party and, if the dispute cannot be resolved informally, may seek relief from the Court in the same manner set forth in Section 3.6.

4.3   Copies, Summaries, and Extracts. No individual shall make copies, extracts or summaries of any Confidential or Highly Confidential Information produced during the course of this litigation except to the extent necessary for use as permitted by this Protective Order. Counsel and all persons to whom such copies, extracts, or summaries are disclosed shall take all reasonable and appropriate precautions to avoid loss and/or inadvertent disclosure of such material.

4.4     Limitation to Instant Action.  No person or party, including third parties, receiving any Confidential or Highly Confidential Information during the course of these proceedings, shall disclose such Confidential or Highly Confidential Information to anyone other than as permitted by this Protective Order, nor use such Confidential or Highly Confidential Information for any purpose other than for use in this litigation, including prosecuting, defending or attempting to settle.  Notwithstanding the foregoing, if a Receiving Party is served with a subpoena or an order issued in another proceeding that would compel disclosure of any information designated in this action as Confidential or Highly Confidential, the Receiving Party must so notify the Producing Party, in writing (by e-mail and/or facsimile) immediately and in no event more than three (3) court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order and afford the designating party a reasonable opportunity to protect its confidentiality interests in that proceeding from which the subpoena or order issued.  The Producing Party shall bear the burden and expense of seeking protection in that proceeding of its Confidential or Highly Confidential information.

The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the party in the other proceeding that caused the subpoena or order to issue.  Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

4.5     Third Party Discovery.  To the extent that any discovery is sought from a person or entity who is not a party to this litigation, and in the event such third party or any of the parties hereto contend the discovery sought from the third party by a requesting party involves Confidential or Highly Confidential Information, then such third party may agree to be bound by this Protective Order and to produce Information in compliance with and under the protection of the terms of this Protective Order.

4.6     Unauthorized Disclosure of Confidential or Highly Confidential Information.  If a party learns that, by inadvertence or otherwise, it has disclosed Confidential or Highly

Confidential Information to any person or in any circumstance not authorized under this Protective Order, that party must immediately:  (a) notify in writing the Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Confidential or Highly Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the Certification in the form shown in Exhibit A.  The Producing Party shall reserve the right to pursue all available remedies for violation of the terms of this Protective Order in the event of an unauthorized disclosure of Confidential or Highly Confidential Information.

4.7     Filing Confidential or Highly Confidential Information.  Counsel may make copies of information designated as Confidential or Highly Confidential for the purpose of filing copies with the Court and may discuss, describe, and disclose any such Information in any document filed with the Court.  Except as provided in this paragraph, without written permission from the Producing Party or a court order secured after appropriate notice to all interested persons, a party or non-party may not file in the public record in this or any other action any Confidential or Highly Confidential Information protected under this Protective Order.  A party who wishes to file Confidential or Highly Confidential Information with the Court must attempt to file that Confidential or Highly Confidential Information, including any descriptions of or reference to that Confidential or Highly Confidential Information, under seal in compliance with Eastern District Local Rule 39-141.  If a Document is filed under seal, where possible, only the portions of filings containing Confidential or Highly Confidential Information shall be filed with the Court under seal.  Such filings shall be filed in sealed envelopes which will be endorsed with the title and docket number of this Action, an indication of the nature of the contents of such sealed envelope, and a statement substantially in the following form:  FILED UNDER SEAL PURSUANT TO THE PROTECTIVE ORDER APPROVED BY THIS COURT.  If any Confidential or Highly Confidential Information is filed with the Court under seal, then the party submitting the Confidential or Highly Confidential Information shall file a public copy of the pleading containing the Confidential or Highly Confidential Information in redacted form.

Notwithstanding this paragraph, a Producing Party may file its own Information with the Court without filing under seal.

5.     ORDER NOT APPLICABLE

5.1     Nothing contained herein shall prevent any party from using Confidential or Highly Confidential Information for a trial in this matter, subject to the Federal Rules of Civil Procedure and the Local Rules of this Court, including Local Rule 16.  Confidential or Highly Confidential Information that can be introduced at trial should not include confidentiality designation stamps.  The removal of the confidentiality stamp, however, shall not affect the status of the Confidential or Highly Confidential Information unless it is admitted into evidence by the Court, in which case, unless the Court orders otherwise, the evidence will become public knowledge.  Nothing in this Protective Order shall limit a Producing Party's use of its own Confidential or Highly Confidential Information, at trial or at any time.

6.     DURATION AND TERMINATION

6.1     Even after the termination of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in force and effect unless or until it is modified, superseded or terminated on the record by agreement of the parties hereto or by order of the Court.

6.2     Within sixty (60) days after the final termination of this action, which includes any final judicial appellate review, each Receiving Party must return to the Producing Party any and all Confidential or Highly Confidential Information, and all copies, summaries and extracts of the same, or shall certify by the sixty (60) day deadline the destruction of such material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Confidential or Highly Confidential Information.  Any such archival copies that contain or constitute Confidential or Highly Confidential Information remain subject to this Protective Order.

7.     MISCELLANEOUS

7.1     Right to Further Relief.  Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

7.2     Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no party waives any right it otherwise would have to object to disclosing or producing any information on any ground not addressed in this Protective Order.  Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated:  December 3, 2009                        /s/ *Dennis L. Beck*
                                                Honorable Dennis L. Beck
                                                United States Magistrate Judge

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  December 3, 2009                        WEXLER WALLACE LLP

                                                By: /s/ Mark J. Tamblyn
                                                    Mark J. Tamblyn

                                                    Neha Duggal
                                                    455 Capitol Mall, Suite 231
                                                    Sacramento, California  95814
                                                    Telephone: (916) 492-1100

                                                    Attorneys for *American Classifieds LLC*

Dated: December 3, 2009

                                                By:  /s/ James C. Holland
                                                     James C. Holland

                                                     134 North Conyer Street
                                                     Visalia, CA  93291
                                                     Telephone:  (559) 741-1112
                                                     Facsimile:   (559) 741-1113

                                                     Attorneys for *Want Ads of Visalia, Inc.*

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**BRANCART & BRANCART**

Dated:  December 3, 2009

By:  /s/ Elizabeth Brancart
     Elizabeth Brancart

     Christopher Brancart
     Post Office Box 686
     Pescadero, CA  94060
     Telephone:  (650) 879-0141
     Facsimile:   (650) 879-1103

     Attorneys for *Plaintiffs*

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

CERTIFICATION AND CONFIDENTIALITY AGREEMENT

     I, _____, certify and declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California in the case of *National Fair Housing Alliance, Inc., et al. v. American Classifieds LLC, et al.*, Case No. CV -01189 AWI (DLB). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any Information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

     I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

     I acknowledge that I am to retain all copies of any of the materials that I receive that have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in a manner consistent with this Protective Order, and that all such copies are to be returned or destroyed as specified in this Protective Order on the termination of this litigation or the completion of my duties in connection with this litigation.

_____          _____
        Date                                                      Signature

_____
Company Name

_____          _____
City and State where sworn and signed                      Printed Name

[PROPOSED] STIPULATED
PROTECTIVE ORDER